NO. 07-04-0364-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 22, 2004
_____

RICKY RICARDO GALLEGOS,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 47,902-B; HON. JOHN BOARD, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, REAVIS, and CAMPBELL, JJ.

Appellant Ricky Ricardo Gallegos appeals his conviction of conspiracy to commit murder and his sentence of life imprisonment. He argues that 1) hearsay testimony was admitted in violation of the confrontation clause, 2) the evidence was factually insufficient to sustain his conviction, and 3) the trial court abused its discretion in admitting certain photographs during the punishment phase of the trial. We affirm the judgment of the trial court.

### Background

On February 24, 2003, five men who were members or friends of members of a gang known as the Texas Syndicate met at an apartment to discuss discipline to be applied to Richard Preciado (also known as Ballou) for problems related to his drug dealings. One of the five men was appellant. The group decided at that meeting to kill Preciado. Late that same evening Preciado was killed.

### Issue One - Hearsay Testimony as to Co-Conspirators

In his first issue, appellant complains that Sergeant Kevin Dockery was allowed to testify to statements made by various co-conspirators in violation of the confrontation clause of the Sixth Amendment to the United States Constitution and article I, section 10 of the Texas Constitution. We overrule the issue.

First, in objecting below, appellant said nothing about the constitutional rights he now invokes. He simply objected on the grounds of hearsay, contending that the proposed testimony was not admissible under the hearsay exception involving statements by co-conspirators. Given that his objections below do not comport with those uttered on appeal, the latter were not preserved. *Wilson v. State,* 71 S.W.3d 346, 349 (Tex. Crim. App. 2002).

Moreover, the trial court did not overrule the objection to which appellant refers us. When the trial court ruled after considering extensive argument by the litigants, it sustained the complaint. Accordingly, appellant's issue, had it been preserved, is moot.

### Issue Two - Factual Sufficiency

Appellant complains in his second issue that the evidence is factually insufficient to sustain his conviction. We overrule the issue.

The standard by which we review factual sufficiency challenges is well established. We refer the parties to *Sims v. State,* 99 S.W.3d 600 (Tex. Crim. App. 2003), *Zuliani v. State,* 97 S.W.3d 589 (Tex. Crim. App. 2003), and *Johnson v. State*, 23 S.W.3d 1 (Tex. Crim. App. 2001) for explanation of it.

In support of his contention, appellant points to inconsistencies in the statements Dockery claimed were made to him by appellant and his co-conspirators and the testimony of appellant at trial, as well as testimony that appellant was at another location at the time of the alleged meeting at which the decision was made to kill the victim. There was also evidence that many of the witnesses were drunk or high at the time of events about which they testified or that they had other reasons to lie. In fact, appellant gives a detailed recitation of numerous discrepancies and inconsistencies in the evidence which he claims undermine confidence in the jury's determination.

A person commits a criminal conspiracy if, with intent that a felony be committed, he agrees with one or more persons that they or one or more of them engage in conduct constituting the felony and he or one or more of them performs an overt act in furtherance of the agreement. TEX. PEN. CODE ANN. §15.02(a) (Vernon 2003). There was evidence that 1) appellant was seen at the victim's house on the day he was killed, 2) he had attended a meeting at which the killing of the victim was discussed, 3) he admitted to a woman friend that he had killed the victim over a drug deal, and 4) he told a fellow prison inmate that he had killed the victim. This evidence, if believed, was more than sufficient to sustain the conviction. Furthermore, contradictions or conflicts in it do not render it non-probative; instead, they simply affect its weight or the witness' credibility. *Jimenez v. State,* 67 S.W.3d 493, 505 (Tex. App.–Corpus Christi 2002, pet. ref'd). And, while the credibility

3

of many of the State's witnesses was called into question, the credibility of the defense witnesses was also challenged. Thus, it became the obligation of the jury to resolve the conflicts and credibility issues, and the jury was free to believe or disbelieve none, some or all of any particular witness' testimony. *Fuentes v. State,* 991 S.W.2d 267, 271 (Tex. Crim. App. 1999); *Heiselbetz v. State,* 906 S.W.2d 500, 504 (Tex. Crim. App. 1995). So, in light of the entire record, we cannot say that the great weight of the evidence renders the verdict unjust or that the sum of the evidence makes weak that evidence supporting the conviction.

### Issue Three - Admission of Photographs

In his final issue, appellant contests the trial court's admission during the punishment phase of 15 pre-autopsy photographs of the victim. We overrule the issue.

Appellant objected on the ground that the photographs were more prejudicial than probative.[1] *See* TEX. R. EVID. 403. Whether the trial court erred in overruling such an objection depends upon whether it abused its discretion, *i.e.* whether the decision fell outside the zone of reasonable disagreement. *Rayford v. State,* 125 S.W.3d 521, 529 (Tex. Crim. App. 2003), *cert. denied,* __ U.S. __, 125 S.Ct. 39, 160 L.Ed.2d 35 (2004); *Wyatt v. State,* 23 S.W.3d 18, 29 (Tex. Crim. App. 2000).

Next, a photograph is generally admissible if verbal testimony about the matter depicted in the photos is admissible. *Paredes v. State,* 129 S.W.3d 530, 539 (Tex. Crim. App. 2004). So too may photographs of murder victims be admissible to show the manner

---

[1]Appellant did not object to the relevancy of the photographs. Relevance during the punishment phase of a non-capital trial is determined by what is helpful to the jury. *Erazo v. State,* 144 S.W.3d 487, 491 (Tex. Crim. App. 2004).

and means of death, even if they merely corroborate other kinds of evidence. *Moreno v. State,* 1 S.W.3d 846, 857 (Tex. App.–Corpus Christi 1999, pet. ref'd). And, that a relevant picture may be gruesome alone is not necessarily justification to exclude it. *Sonnier v. State,* 913 S.W.2d 511, 519 (Tex. Crim. App. 1995).

The pictures in question were of Ballou lying in an examination room apparently awaiting autopsy. Though he was unclothed at the time, they depicted his upper torso, arms and head. Some were blurry close-ups, others were not. Additionally, the autopsy report revealed that the victim had 86 wounds to his body, and the pictures depicted most of those wounds and their locations. Sergeant Mike Crandall, who took the photographs, also testified about the wounds in each picture and identified those he considered to be defensive in nature.

Obviously, the photos could have reasonably been deemed probative on the manner of the victim's death and the intentional mind set of those striking the blows. And, though unsettling, they were not particularly gruesome or horrible. Instead, they appeared rather clinical given the setting and the posture of the body. So too were they cumulative of another, more unsettling picture of appellant lying dead at the scene of the crime with his pants down; appellant does not complain about the admission of that photo nor of the photo of the blood-smeared floor at the scene.

During the punishment phase, the jury may consider evidence that has a bearing on the defendant's responsibility and moral guilt, including evidence of the degree of harm inflicted on the victim. *Najar v. State,* 74 S.W.3d 82, 89 (Tex. App.–Waco 2002, no pet.). The pictures can be viewed as quite probative for that purpose. Given this, the nature of the photos, and the admission (without complaint) of other disconcerting photos, we cannot

say that the trial court's decision to overrule the Rule 403 objection and admit the ones about which appellant does complain fell outside the zone of reasonable disagreement.

Accordingly, the judgment of the trial court is affirmed.


Per Curiam

Do not publish.